No. 703 July 22, 2026 709

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

MANUEL DANIEL DELGADO,
*Petitioner-Appellant,*

*v.*

Jamie MILLER,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
22CV31940; A186297

J. Burdette Pratt, Senior Judge.

Submitted July 1, 2026.

Jedediah Peterson and Equal Justice Law filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Petitioner appeals from a judgment denying post-conviction relief. A jury convicted petitioner of murder and first-degree assault. Once the judgment of conviction was final, petitioner sought post-conviction relief. Petitioner claims that trial counsel provided inadequate assistance under Article I, section 11, of the Oregon Constitution and ineffective assistance under the Sixth and Fourteenth Amendments to the United States Constitution, in failing to negotiate a plea deal with the state. The post-conviction court denied relief, and petitioner appeals. The superintendent maintains that the court did not err in denying relief. We agree with the superintendent and, accordingly, affirm.

A criminal defendant has the right to adequate and effective assistance of counsel under Article I, section 11, and the Sixth Amendment. *Antoine v. Taylor*, 368 Or 760, 767, 499 P3d 48 (2021). A violation of those rights entitles a petitioner to post-conviction relief. ORS 138.530(1)(a). Under the Oregon Constitution, to succeed on a claim of inadequate assistance, a petitioner must establish by a preponderance of the evidence that "counsel failed to exercise reasonable professional skill and judgment, and that the petitioner suffered prejudice as a result of counsel's inadequacy." *Johnson v. Premo*, 361 Or 688, 699, 701, 399 P3d 431 (2017). "A functionally equivalent two-element standard governs petitioner's claim of ineffective assistance of counsel under the Sixth Amendment." *Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023).

When the post-conviction court denies relief on a claim of inadequate or ineffective assistance of counsel, we review for errors of law. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). In doing so, we are bound by the post-conviction court's findings of historical fact so long as there is evidence in the record to support them, and, to the extent that the court did not make explicit findings on all issues as to which the facts could be decided more than one way, we will presume that it decided the facts consistently with its conclusions of law. *Id.*

Having considered the parties' arguments, and in relying on the findings of the post-conviction

court—particularly the findings that trial counsel was credible and petitioner was not—we conclude that the court did not err in denying post-conviction relief. Trial counsel's performance was not constitutionally deficient. Further, petitioner failed to prove prejudice from counsel's challenged actions or omissions. The post-conviction claims fail for both reasons.

Affirmed.